CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 12 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DOUGLAS LEE JONES,<br>Plaintiff, | ) <br> ) <br> ) | Civil Action No. 7:08-cv-00632 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| COMMONWEALTH OF VIRGINIA,<br>Defendants. | ) <br> ) <br> ) | By: Hon. James C. Turk<br>Senior United States District Judge |

Douglas Lee Jones, a Virginia prisoner proceeding pro se, filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging various violations and infractions. After screening the complaint, the court dismisses the complaint for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

In his complaint filed December 22, 2008, supplemented by his submission to the court on January 30, 2009, Jones alleged the following facts. Michael Schaefer committed perjury in his written evaluation that found Jones incompetent to stand trial or enter a plea, hindering his defense. Schaefer ordered Jones to undergo treatments to restore his competency. Brendan Dunning committed perjury in a bond hearing on May 7, 2008, by using another inmate's sentencing date, preventing Jones from receiving bond.

Major R.S.B. Pulliam and Kaye Seamster gave him two indictments dated in the year 1007. Pulliam also charged Jones with a second or subsequent offense upon conviction. William Schumann refused a request to take a warrant out.

Elton Blackstock kept his grievance form with a date, locked the jail down, and told the other inmates that it was Jones' fault. Theodore Gilliam refused to answer Jones' grievances.

Sheriff D. Jeffrey Cakes altered or erased data from the drug investigator's laptop on

December 27, 2007. Cakes used the data to access Jones' unlimited credit line at Wachovia Bank. Kimberley White withheld information about the Sheriff Office's missing data, causing Jones' jail time. Leslie Schneider also withheld information about the missing Sheriff's Office data, causing Jones' jail time and mental stress.

William Wellons, Robert Conner, Joel Cunningham, and Veresia Coleman refused the right to dismiss counsel via a letter dated October 1, 2008. Joel Cunningham denied Jones his right to speak in court on June 6, 2008. Charles Crowder, III, refused to defend Jones unless Jones pled guilty.

The Blue Ridge Regional Jail Authority denied Jones his King James Bible for six months. Lieutenant Murphy damaged his Bible, hurting him mentally and spiritually. Jones "was refused a visit from any preacher." The Jail refused a visit from N.A.A.C.P. President Rev. Kelvin Chandler. Jail staff stopped responding to grievance forms and opened his legal mail five times.

The court conditionally filed the complaint on December 31, 2008, informing Jones that he failed to state a claim against anyone. The court directed Jones to name proper defendants and set forth facts in support of each claim, including dates on which events occurred, the content and his method of proving the alleged perjury; what convictions the erroneous indictment included; his relationship to Crowder and how Crowder refused to defend Jones; how he was deprived of his Bible; what his religious beliefs are; and what injuries he sustained from having his legal mail opened. The court also advised Jones that a § 1983 action cannot be used to invalidate a judgment authorizing his confinement. Jones responded, merely alleging that he could prove his allegations with Wachovia transaction reports, Virginia code sections, newspapers, court

2

Case 7:08-cv-00632-JCT-mfu   Document 10   Filed 02/12/09   Page 2 of 6   Pageid#: 61

transcripts, copies of inmate requests forms, grievances, notarized letters, jail records, court orders, and the mighty arm of God. Despite the conditional filing order and his responses, Jones does not provide any additional evidence. Jones also mailed the court a letter describing how the Halifax Police Department discovered Jones' unlimited line of credit issued by Wachovia Bank and stole nine billion dollars.

Jones subsequently filed a motion to amend. Jones requests that the following parties be substituted for the Commonwealth of Virginia: D. Jeffrey Oakes; Richard S.B. Pulliam; Kimberly S. White; William Wellons; Joel Cunningham; Michael Shaefer; Charles Harper Crowder, III; Elton Blackstock; Theordore Gilliam; and Mark Murphy. Pursuant to the Federal Rule of Civil Procedure 15(a), the court grants Jones' motion to amend because the defendants have not been served.

II.

A.

The court is required to dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level[.]" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964, 1965 (2007) (internal

3

quotation marks omitted). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Although the court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

B.

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). The court must dismiss Jones's claims against the jail because local jails are not "persons" subject to suit under 42 U.S.C. § 1983. See McCoy v. Chesapeake Corr. Center, 788 F. Supp. 890, 891-92 (E.D. Va. 1992).

Jones claims that he suffered mental anguish from the Murphy's damage to his Bible and Schneider's silence about the Sheriff's Office using his bank account. The Prison Litigation Reform Act of 1996 provides in pertinent part that an inmate cannot file a civil action seeking monetary damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Furthermore, there is no federal right to be free from emotional distress, psychological stress, or mental anguish in jail, and thus, no liability under § 1983 exists regarding such claims. Grand Staff v. City of Borger, 767 F.2d 161, 172 (5th

Cir.1989). Because Jones does not show any physical injury regarding his mental anguish, the court accordingly dismisses this claim for failure to state a claim, pursuant to § 1915A(b)(1).

Violations of a state grievance procedures under state regulations are insufficient to give rise to any federal due process claim. See Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that a state official's failure to abide by state procedural laws or regulations does not present a federal due process issue); Brandon v. District of Columbia Bd. of Parole, 823 F.2d 644, (4th Cir. 1987) ("[T]he mere fact that the government has established certain procedures does not mean that the procedures thereby become substantive liberty interests entitled to federal constitutional protection under the Due Process Clause."). Even if Blackstock and Gilliam violated state procedural regulations for grievances, those violations do not create a federal cause of action under the Fourteenth Amendment. Moreover, Jones does not have a constitutional right to participate in grievance proceedings. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Accordingly, the court dismisses Jones' claims against Blackstock and Gilliam for failing to state a claim upon which relief can be granted.

Jones' claims against Pulliam, Seamster, Schumann, Schaefer, Dunning, White, Schneider, Wellons, Conner, Cunningham, Coleman, and Crowder, III, are claims properly brought in a habeas corpus action. Jones describes his requested relief as "to have all charges dismissed or to have a fair trial with fair counsel and to stop court order for treatment plus restitution from all." (Compl. 2.) Accordingly, the court dismisses these claims for failing to state a claim upon which relief can be granted in a § 1983 action.

As to the remaining claims regarding the Sheriff's Office, the court specifically ordered Jones to support his claims with some evidence beyond mere labels. Because Jones failed to

5

Case 7:08-cv-00632-JCT-mfu   Document 10   Filed 02/12/09   Page 5 of 6   Pageid#: 64

comply with the conditional filing order, the court also dismisses Jones' claims against Cakes, White, and Schneider for failing to state a claim upon which relief can be granted.

Accordingly, the court dismisses Jones' complaint for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. 1915A(b)(1). Jones did not fulfill the requirements of the conditional filing order, and even if he had, he does not state claims cognizable in a § 1983 action. To the extent that Jones might conceivably have some state law claim, the court declines to exercise supplemental jurisdiction over any such claim and will dismiss all such claims without prejudice, pursuant to 28 U.S.C. § 1367(c).

III.

For the foregoing reasons, the court dismisses the complaint for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 17th day of February, 2009.

*/s/ James C. Turk*
Senior United States District Judge

6

Case 7:08-cv-00632-JCT-mfu Document 10 Filed 02/12/09 Page 6 of 6 Pageid#: 65